Lance J. Schuster, ISB No. 5404
lance@beardstclair.com
Jared W. Allen, ISB No. 5793
allen@beardstclair.com
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, Idaho 83404
Telephone: (208) 523-5171
Facsimile: (208) 529-9732

Attorneys for Plaintiff

# UNITED STATES DISTRICT
# DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN FRANCK,<br><br>    Plaintiff,<br><br>vs.<br><br>BANNOCK COUNTY, an independent body politic and corporate organized pursuant to Idaho law; STEVE BROWN, an individual; TERREL TOVEY, an individual; ERNIE MOSER, an individual; and SHERI DAVIES, an individual,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Kevin Franck, through his attorneys, alleges and complains against Defendants, as follows:

## PARTIES

1.   Kevin Franck (Franck or Plaintiff) is a Certified Property Tax Appraiser, certified and authorized by the Idaho State Tax Commission pursuant to Section 63-105A of the Idaho Code to appraise property for property tax purposes in Idaho in accordance

with the laws of the state of Idaho, who was at all times relevant residing in Bonneville County, Idaho.

2.  Bannock County (County or Defendant) is an Idaho County and an independent body politic and corporate organized pursuant to Title 31, Idaho Code, empowered to act through a board of county commissioners (the board) and agents and officers acting under the authority of the board, and it is a person for purposes of 42 U.S.C. § 1983.

3.  Steve Brown (Brown) is an individual residing in Bannock County, Idaho and is, or was at all times relevant, serving as a Bannock County Commissioner and as the chairman of the Bannock County Commissioners.

4.  Terrel N. Tovey (Tovey) is an individual residing in Bannock County, Idaho and is, or was at all times relevant, serving as a Bannock County Commissioner.

5.  Ernie Moser (Moser) is an individual residing in Bannock County, Idaho and is, or was at all times relevant, serving as a Bannock County Commissioner.

6.  Sheri Davies (Davies) is an individual residing in Bannock County, Idaho and is the Bannock County Assessor.

7.  Brown, Tovey, and Moser may be collectively referred to hereafter as the Commissioners and Brown, Tovey, Moser and Davies may be collectively referred to hereafter as the individual Defendants.

## JURISDICTION AND VENUE

8.  Plaintiff brings this action, in part, to recover damages and other appropriate relief under 42 U.S.C. § 1983 for violation of his civil rights under the color of state law.

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 as the action arises under the Constitution and laws of the United States and is an action to redress the deprivation of civil rights under the color of state law.

10. This Court has supplemental jurisdiction over non-federal claims alleged herein pursuant to 28 U.S.C. § 1367 as they form part of the same case or controversy.

11. This Court has personal jurisdiction over the County and the individual Defendants pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure and Section 5-514 of the Idaho Code.

12. This is a proper venue pursuant to 28 U.S.C. § 1391.

**ALLEGATIONS COMMON TO ALL COUNTS**

13. On or about February 23, 2010, Franck became a Certified Property Tax Appraiser, certified and authorized by the Idaho State Tax Commission to appraise property for property tax purposes in Idaho in accordance with the law of the state of Idaho.

14. Franck has, at all times since that time, maintained his credentials so as to remain qualified and authorized to conduct property tax appraisals within the state of Idaho.

15. On October 1, 2018, Franck executed a Commercial Appraiser-Independent Contractor Agreement (the Agreement) with the County pursuant to which he was to complete twenty percent of the assessments for parcels due each year, which equates, pursuant to the Agreement, to 1,100 parcels per year. A copy of the Agreement is attached hereto as Exhibit A and incorporated by reference.

16.   The Agreement was executed by the County on October 4, 2018 by the full body of the county commission including current commissioners Tovey and Brown, along with Ernie Moser's predecessor, Ken Bullock.

17.   Pursuant to the Agreement, Franck was to complete a minimum of 250 assessments per quarter at the contract rate of $125/parcel for commercial assessments and $100/parcel for multi-unit residential assessments.

18.   The Agreement was terminable upon 90-days notice, meaning that even upon a proper termination of the Agreement, Franck would be expected to complete approximately 250 assessments between notice of termination and termination for compensation of at least $25,000.00 and not more than $31,250.00.

19.   Pursuant to the Agreement, Franck was to act independent of the County's control except that the County was responsible for determining "the time and place of performance[,]" or in other words, which parcels were to be appraised when.

20.   On November 6, 2018, in the Bannock County General Election, Sheri Davies (Davies) defeated Margie Woolf to become the County's new assessor.

21.   Davies had campaigned on the promise of ending the County's practice of hiring an outside certified property tax appraiser to perform commercial appraisals in the County.

22.   On January 14, 2019, Davies was sworn in as the assessor by Magistrate Judge Thomas Clark.

23.   Almost immediately upon being sworn in, Davies leveled a series of false and defamatory accusations against Franck maligning his reputation by falsely accusing

him of, *inter alia*, improper use of County property, non-compliance with commercial appraisals, and collusion.

24. She also accused him of conducting appraisals outside of review years, notwithstanding express language in the Agreement recognizing that parcels were assigned to, not selected by Franck, and that the County, not Franck, determines both the time and place of his appraisal work.

25. Davies challenged Franck's ability to complete appraisals in a timely fashion, notwithstanding his successful performance under prior contracts with the County.

26. Davies appeared to be intent on establishing a pretextual basis for breaching the Agreement and terminating Franck's rights thereunder.

27. On or about January 15, 2019, Davies, acting under the color of state law, attempted to terminate the Agreement by demanding the immediate return of all County files upon which Franck relied to complete his work.

28. On January 24, 2019, the Commissioners, acting under color of state law, falsely accused Franck of breaching the Agreement, repeated Davies demand for the return of the files and other county property relied upon by Franck in performing services under the Agreement, and threatened Franck with felony criminal prosecution if he did not return property rightfully in his possession under the terms of the Agreement. A copy of the Commissioners written correspondence threatening criminal prosecution is attached hereto as Exhibit B.

29. Due to the threat of criminal prosecution, Franck complied with the demands of the Commissioners, returning the files and other county property necessary to

performing appraisal services, thereby effectively foreclosing his ability to perform the contract.

30. On March 6, 2019, Franck caused a Notice of Tort Claim to be timely filed with the clerk of the County pursuant to the requirements of the Idaho Tort Claims Act, Idaho Code §§ 6-901 et. seq.

31. The County failed to respond to the Notice of Tort Claim in a timely fashion and its non-response is deemed a denial.

**COUNT ONE – DEPRIVATION OF RIGHTS (42 U.S.C. § 1983) (BANNOCK COUNTY)**

32. Plaintiff realleges paragraphs 1 through 31 by reference.

33. Franck's rights in contract are protected by Section 10, Article One of the Constitution of the United States.

34. The Commissioners are the policy making officials of the County and their actions toward Franck constitute the official municipal policy of the County.

35. In demanding that Franck return the appraisal files and other county property in his possession required to perform the Agreement, the County acted under the color of state law to impair Franck's obligations of contracts in violation of Section 10, Article One of the Constitution, depriving Franck of a constitutionally protected right.

36. The actions of the County through the Commissioners are the proximate cause of the deprivation of Franck's constitutionally protected rights and the resultant injury suffered by him.

37. Franck has suffered actual damages as a result of the County's deprivation of his constitutionally protected rights.

38. Franck has been required to retain the assistance of counsel to protect his constitutionally protected rights and is entitled to recover attorney fees and costs pursuant to 42 U.S.C. 1988 and other applicable rule or law.

### COUNT TWO – DEPRIVATION OF RIGHTS (42 U.S.C. § 1983) (BROWN, TOVEY, AND MOSER)

39. Plaintiff realleges paragraphs 1 through 38 by reference.

40. Franck's rights in contract are protected by Section 10, Article One of the Constitution of the United States.

41. In demanding that Franck return the appraisal files and other county property in his possession required to perform the Agreement, the Commissioners collectively, and each individually, acted under the color of state law to impair Franck's obligations of contracts in violation of Section 10, Article One of the Constitution, depriving Franck of a constitutionally protected right.

42. The actions of the Commissioners, individually and collectively, are the proximate cause of the deprivation of Franck's constitutionally protected rights and the resultant injury suffered by him.

43. Franck has suffered actual damages as a result of the Commissioners' deprivation of his constitutionally protected rights.

44. Franck has been required to retain the assistance of counsel to protect his constitutionally protected rights and is entitled to recover attorney fees and costs pursuant to 42 U.S.C. 1988 and other applicable rule or law.

### COUNT THREE - BREACH OF CONTRACT (BANNOCK COUNTY)

45. Plaintiff realleges paragraphs 1 through 44 by reference.

46. Franck entered into the Agreement with the County to perform appraisal services.

47. Franck substantially performed all material terms of the Agreement and is not in material breach.

48. The County materially breached the Agreement by depriving Franck of access to and possession of County property necessary to performing the appraisal services.

49. The County's actions are contrary to the express terms of the Agreement and are inconsistent with the implied covenant of good faith and fair dealing that exists in every contract pursuant to Idaho law.

50. The County's breach of the express terms of the Agreement and the implied covenant of good faith and fair dealing is the actual and proximate causes of damages suffered by Franck.

51. Franck has suffered real and material damages as a result of the County's breach in an amount to be determined at trial.

52. Franck has been required to retain the assistance of counsel to protect his rights and is entitled to recover attorney fees and costs pursuant to the express terms of the Agreement and pursuant to Idaho Code § 12-120 and other applicable rule or law.

**COUNT FOUR – TORTIOUS INTERFERENCE WITH A CONTRACT (DAVIES)**

53. Plaintiff realleges paragraphs 1 through 52 by reference.

54. The Agreement between Franck and the County constitutes a contract for services.

55. Davies had actual knowledge of the Agreement.

56. Davies intentionally interfered with Franck's contract by causing the Commissioners, acting on behalf of the County, to breach the Agreement.

57. Franck has suffered real and material damages as a result of Davies interference with the Agreement.

58. Franck has been required to retain the assistance of counsel to protect his rights and is entitled to recover attorney fees and costs pursuant to the express terms of the Agreement and pursuant to Idaho Code § 12-120 and other applicable rule or law.

## PRAYER FOR RELIEF

Franck prays this Court for relief as follows:

1. Entry of judgment against Defendants and an award of damages in Franck's favor on each cause of action alleged against Defendants in an amount to be proven at trial;

2. An award of attorney fees and costs incurred herein pursuant to 42 U.S.C. 1988; Idaho Code §§ 12-120 and/or 12-121; Rule 54 of the Federal Rules of Civil Procedure; the express terms of the Agreement; and other applicable rule or law.

3. Such other relief as may be just, equitable and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Franck demands trial by jury on all issues triable to a jury.

Dated: July 2, 2019.

/s/ Lance J. Schuster
Lance J. Schuster
Of Beard St. Clair Gaffney PA
Attorneys for Plaintiff

# COMMERCIAL APPRAISER - INDEPENDENT CONTRACTOR AGREEMENT

AGREEMENT made between Bannock County (Governmental Entity), a political subdivision of the State of Idaho, herein "ENTITY" and Kevin Franck herein "CONTRACTOR,"

THE PARTIES AGREE AS FOLLOWS:

1. **CONTRACT:** ENTITY hereby employs the services of CONTRACTOR as an independent contractor to complete and perform the following project and work:

    A. CONTRACTOR shall complete 20% of the assessments for parcels due each year, which equates to a maximum of 1,100 parcels per year, to be rationed so that a portion of parcels are completed and submitted on a monthly basis, with a minimum of 250 parcels per quarter. CONTRACTOR shall have all parcels assigned to him completed and turned in by April 15 to allow the Assessor to meet deadlines. ENTITY agrees to provide parcels to CONTRACTOR.

    B. CONTRACTOR must be able to defend all work done and appear, if necessary, at Board of Equalization and Board of Tax Appeals.

    C. CONTRACTOR shall obtain at his own expense, if not already owned, Marshall & Swift; and shall provide his own transportation and supplies to successfully and accurately complete property assessments.

2. **TIME OF PERFORMANCE AND TERMINATION:** Parties agree that:

    CONTRACTOR will commence work on the project on or after October 1, 2018, through September 30, 2019. This Agreement may be automatically renewed each year, subject to appropriations as referenced below. Notwithstanding the term contained herein, this contract may be terminated at any time by either party providing 90 days written notice to the other party.

3. **COMPENSATION:** ENTITY agrees to pay CONTRACTOR as compensation, at the rate of $125.00 per parcel for Commercial, and $100.00 per parcel for multi residence appraisals completed per month, due and payable the 1st of each month beginning October 1, 2018. With a total contract amount not to exceed $125,000.00

4. **INDEPENDENT CONTRACTOR:** The parties agree that CONTRACTOR is the independent contractor of ENTITY and in no way an employee or agent of ENTITY and is not entitled to workers compensation or any benefit of employment with the ENTITY. ENTITY shall have no control over the performance of this Agreement by CONTRACTOR or its employees, except to specify the time and place of performance, and the results to be achieved. ENTITY shall have no responsibility for security or protection of CONTRACTOR'S supplies or equipment. CONTRACTOR agrees to pay and be responsible for all taxes due from the compensation received under this contract.

Exhibit A

5. **WARRANTY:** CONTRACTOR warrants that all materials and goods supplied under this Agreement shall be of good merchantable quality and that all services will be performed in a good workmanlike manner. CONTRACTOR acknowledges that it will be liable for any breach of this warranty.

6. **INDEMNIFICATION:** CONTRACTOR agrees to indemnify, defend, and hold harmless ENTITY, and its officers, agents and employees, from and against any and all claims, losses, actions, or judgments for damages or injury to persons or property arising out of or in connection with the acts and/or any performances or activities of CONTRACTOR, CONTRACTOR's agents, employees, or representatives under this Agreement.

7. **INSURANCE AND LICENSE:** CONTRACTOR agrees to obtain and keep in force any professional liability insurance that may be required for his license. CONTRACTOR shall provide proof of liability coverage as set forth above to ENTITY upon request. CONTRACTOR shall maintain his license to perform the work under this contract and promptly notify ENTITY if his license is revoked, suspended or not renewed for any reason.

8. **APPROPRIATIONS:** This contract is contingent upon the ENTITY receiving the necessary funding to cover the obligations of the ENTITY. In the event that such funding is not received or appropriated, then, and in that event, the ENTITY's obligations under the contract shall cease and each party shall be released from further performance under the contract without any liability to the other party.

9. **COMPLIANCE WITH LAWS:** CONTRACTOR agrees to comply with all federal, state, city, and local laws, rules and regulations.

10. **ENTIRE AGREEMENT:** This is the entire agreement of the parties and can only be modified or amended in writing by the parties.

11. **ATTORNEY FEES:** Reasonable attorney fees shall be awarded to the prevailing party in any action to enforce this Agreement or to declare forfeiture or termination of this Agreement.

DATED this __1st__ day of __October__, 2018.

CONTRACTOR:

By _/s/ Kevin Franck_
(Kevin Franck)

Its _Owner_
(Owner)

ADDRESS:

Exhibit A

BOARD OF BANNOCK COUNTY COMMISSIONERS

_____   10/4/18
Ken Bullock, Chairman              Date

_____   10/4/18
Terrel Tovey, Member               Date

_____   10-4-18
Steve Brown, Member                Date

ATTEST: _____
        Robert Poleki, Clerk

APPROVED as to form and content:

_____   _____
Matt Kerbs                         Date
Bannock County Legal Counsel
Chief Civil Deputy Prosecutor

COMMERCIAL APPRAISER - INDEPENDENT CONTRACTOR AGREEMENT                    3

Exhibit A



**BANNOCK COUNTY COMMISSIONERS**
624 E. Center, Pocatello, ID 83201
Phone: (208) 236-7210 • Fax: (208) 232-7363

**ERNIE MOSER**
Commissioner
*1st District*

**STEVE BROWN**
Commissioner
*2nd District*

**TERREL N. TOVEY**
Commissioner
*3rd District*

| | |
|---|---|
| TO: | Lance Shuster<br>Beard St. Clair Gaffney Law Office<br>(208) 529-9732 |
| FROM: | Tiffany Olsen<br>Bannock County Commission Executive Assistant |
| DATE: | January 24, 2019 |
| PAGES: | 3 (INCLUDING COVER LETTER) |

Exhibit B



**BANNOCK COUNTY COMMISSIONERS**
624 E. Center, Pocatello, ID 83201
Phone: (208) 236-7210 • Fax: (208) 232-7369

**ERNIE MOSER**
Commissioner
1st District

**STEVE BROWN**
Commissioner
2nd District

**TERREL N. TOVEY**
Commissioner
3rd District

January 24, 2019

Kevin Franck
C/O Lance J. Schuster
Beard St. Clair Gaffney, Attorneys
2105 Coronodo Street
Idaho Falls, ID 83404

**SENT VIA EMAIL AND FAX**

Dear Mr. Schuster:

    We, the Board of County Commissioners, have determined your client, Kevin Franck, is in breach of his contract with Bannock County, dated October 1, 2018, titled *Commercial Appraiser – Independent Contractor Agreement*. Said breach of contract includes, but is not limited to, his failure to maintain the required license to perform the work under the contract and promptly notify the County if his license is revoked, suspended or not renewed for any reasons (see Section 7 of said contract titled "Insurances and License.") Upon review of the Bureau of Occupational Licenses website and confirmed by the Director of the Bureau, Mr. Franck is not a licensed Appraiser in the State of Idaho. In addition, the County does not have any correspondence or notification from Mr. Franck regarding the revocation, suspension or non-renewal of your license. Therefore, pursuant to Section 2 of the executed October 1, 2018, Bannock County is providing you and Mr. Franck written notice said contract is hereby terminated.

    Mr. Franck met with the Bannock County Assessor, Sheri Davies, on Tuesday, January 15, 2019 at which time she requested all Bannock County files be returned to her by Friday, January 18, 2019. Ms. Davies phoned your client on Thursday, January 17, 2019 and reminded him to deliver the County files by the next day. Mr. Franck denied both requests and failed to return said files.

    We, as the Board of Commissioners, hereby demand **Mr. Franck return ALL BANNOCK COUNTY PROPERTY in his possession to the Bannock County Clerk, Jason Dixon, no later than Friday, January 25, 2019 by 4:00 p.m. to the Clerk's office located at 624 East Center, Room 211, Pocatello, Idaho.** Said property includes the 700+ files Mr. Franck admitted to Commissioner Brown on January 18, 2019 as being in his possession, key(s) to the Assessor's Office located at 130 N. 6th Avenue, Pocatello, Idaho, and any and all other records of Bannock County. In the event Mr. Franck does not comply with this request, by the above date/time, your client could face felony Grand Theft charges under Idaho Code §18-2407(b)(2).

**Exhibit B**

Kevin Franck
C/O Lance J. Schuster
January 24, 2019

   Please instruct Mr. Franck notify Mr. Dixon, at (208) 220-1478 to coordinate the arrival of said property.

        Sincerely,

        BANNOCK COUNTY COMMISSIONERS

        _____
        Steve Brown, Chairman

        _____
        Terrel N. Tovey, Member

        _____
        Ernie Moser, Member

/to

CC: Kevin Franck, PO Box 72, Ucon, ID 83454
   Bannock County Attorney Stephen Herzog
   Bannock County Assessor Sheri Davies

**Exhibit B**