UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN FRANCK,<br><br>Plaintiff,<br><br>v.<br><br>BANNOCK COUNTY an independent body politic and corporate organized pursuant to Idaho law; STEVE BROWN, an individual; TERREL TOVEY, an individual; ERNIE MOSER, an individual; and SHERI DAVIES, an individual,<br><br>Defendant. | Case No. 4:19-cv-00249-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss (Dkt. 5). The motion is fully briefed and at issue. The Court will grant the motion for the reasons discussed below.

# BACKGROUND

Plaintiff, Kevin Franck, is a Certified Property Tax Appraiser who performs appraisals of property in Idaho. *Compl.* ¶ 1. Bannock County is an Idaho County, empowered to act through a board of county commissioners who are Steve Brown,

Terrel N. Tovey, and Ernie Moser. *Compl.* ¶ 2-5, 16. On October 4, 2018, Franck and the County through Brown, Tovey, and Moser's predecessor, Ken Bullock, executed a Commercial Appraiser-Independent Contractor Agreement. *Compl.* ¶ 16. This Agreement established that Franck would complete twenty percent of the assessments for parcels due each year in the County, with a maximum of 1,100 parcels per year and a minimum of 250 parcels per quarter. *Compl.* ¶ 15. The County would determine which parcels Frank would assess and Frank would then complete the assessment. *Compl.* ¶ 19.

On November 6, 2018, Sheri Davies was elected Bannock County Assessor and was sworn in on January 14, 2019. *Compl.* ¶ 22. The next day, Davies requested that Franck return all County files used to complete his appraisals. *Compl.* ¶ 27. Franck did not return the files at that time. See *Compl.* ¶ 29. The Commissioners Brown, Tovey, and Moser sent Franck a letter on January 24, 2019, which stated that the Agreement between the County and Franck was terminated and issued a demand for Franck to return all County property. *Compl.* ¶ 28. Franck then returned the files to the County and thus could not complete any further appraisals under the Agreement. *Compl.* ¶ 29. On March 6, 2019, Franck filed a Notice of Tort Claim with the clerk of the County and the County did not respond, which is deemed a denial. *Compl.* ¶ 30-31. This complaint followed. Counts One and Two allege a deprivation of rights under 42 USC § 1983 against

Bannock County, Brown, Tovey, and Moser respectively. *Compl.* ¶ 32-44. Count Three alleges breach of contract against Bannock County and Count Four alleges tortious interference with a contract against Davies. *Compl.* ¶ 45-58. The Defendants filed a motion to dismiss the complaint for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Def.'s Mot. Dismiss*, Dkt. 5.

## LEGAL STANDARD

### 1. Motion to Dismiss

When subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citations omitted). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Here, the jurisdictional attack is facial because it asserts that the allegations contained in the complaint are insufficient to invoke federal jurisdiction.

In a facial attack, the Court accepts as true all factual allegations in the complaint. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). Still, though, to survive a Rule 12(b)(1) motion, plaintiff must allege a plausible set of facts that establish subject-matter jurisdiction. *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (*Twombly/Iqbal* applies to facial attacks on subject matter jurisdiction).

### 2. Contract Clause

Section 1983 allows an individual to seek redress for a deprivation of their constitutional rights under color state law. 42 U.S.C. § 1983; *Connick v. Thompson*, 563 U.S. 51, 60 (2011).

The deprivation of rights alleged here involves the right to contract under the Contracts Clause of the Constitution. U.S. Const. art. I, § 10, cl. 1. The Contracts Clause states in relevant part that, "[n]o State shall… pass any… Law impairing the Obligation of Contracts." *Id.* Determining whether a contract has been impaired involves analyzing three components: (1) "whether there is a contractual relationship," (2) "whether a change in law impairs that contractual relationship," and (3) "whether the impairment is substantial." *University of Hawai'i Professional Assembly v. Cayetano*, 183 F.3d 1096, 1101 (9th Cir. 1999) (quoting *Seltzer v. Cochrane*, 104 F.3d 234, 236 (9th Cir. 1996)).

The first and third components are not in dispute here. The second component of the substantial impairment test, whether a change in law impairs the contractual relationship, "turns on whether the State has used its law-making powers not merely to breach its contractual obligations, but to create a defense to the breach that prevents the recovery of damages." *Cayetano*, 183 F.3d at 1102. In other words, "the question should be whether the modification that the legislation imposes simply breaches the contract like any other unilateral attempt to modify an agreement, or whether the statute prevents or materially limits the contractor's ability to enforce his contractual rights." *Id.* at 1103 (quoting Leo Clarke, *The Contract Clause: A Basis for Limited Judicial Review of State Economic Regulation*, 39 U. Miami. L. Rev. 183, 234 (1985)).

When a governmental entity is a party to a contract, it is necessary to separate a simple breach of contract and an impairment of a contract's obligation. *Pure Wafer Inc. v. City of Prescott*, 845 F.3rd 943, 951 (9th Cir. 2017). The "distinction is crucial, not least because conflating the two concepts would risk making a federal constitutional case out of even the most garden-variety public contract dispute, transforming the Contract Clause into a font of state contract law." *Id.*; *see Horowitz-Matthews, Inc. v. City of Chicago*, 78 F. 3d 1248, 1250 (7th Cir. 1996) ("It would be absurd to turn every breach of contract by a state or municipality into a violation of the federal Constitution.").

# ANALYSIS

Franck alleges that the County, through the Commissioners, acted under the color of state law to impair the obligation of the contract between Franck and the County. Franck argues that by requiring him to return the appraisal files the County impaired Franck's contract right in violation of the Constitution. Defendants' challenge this argument on two grounds, first that the County did not pass any "law" that impaired the contract, and second, that the County has not impaired any remedies available in a breach of contract action. *Def.'s Mem.* at 6, Dkt. 5-1.

The County's letter to Franck demanding the return of county files is not a "law" under the meaning of the Contracts Clause. *See New Orleans Waterworks Co. v. Louisiana Sugar-Refining Co.*, 125 U.S. 18, 30 (1888) ("The [Contracts Clause] is aimed at the legislative power of the state, and not at … the acts of administrative or executive boards or officers, or the doings of … individuals). But, even if it is, his claim still fails because he has not sufficiently alleged that the County Commissioner's actions impaired his contract.

Franck alleges that the Commissioners breached their contract with Franck by demanding the immediate return of all County files which Franck needed to complete his work. *Compl.* ¶ 23-29. Franck assumes that in response to his breach of contract action, the Defendants will raise, as affirmative defenses, that Franck

did not perform his work under the contract, and that all earned consideration has therefore been paid. *Pl.'s Opposition* at 8, Dkt. 6. Franck argues that the Commissioners have manufactured these affirmative defenses by demanding the return of the files, and that this constitutes the Commissioners using their law-making powers to create a defense to the breach. *Id.* at 8-9. This is not an impairment of Franck's contractual rights.

Franck is still free to bring his breach of contract claim in state court. In that action the County may well argue that Franck breached his contract first and thus the County was no longer liable on the contract. But, this would not prevent Franck from demonstrating that his performance was frustrated by the County's actions in requiring the return of the files. In short, this is a garden variety breach of contract claim, not a violation of the Constitution. Franck has not alleged any action by the County that impairs his ability to seek redress through a breach of contract claim in state court. *Pure Wafer*, 845 F.3d at 943.

Because the Court will grant the motion to dismiss as to the federal claims it will dismiss the state law claims pursuant to 28 U.S.C. § 1367(c). *Stakey v. Stander*, 2011 WL 4452493, at *12 (D. Idaho Sept. 26, 2011).

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED**.

2. Franck's claims for breach of contract and tortious interference with contract (Counts Three and Four) are dismissed without prejudice for lack of jurisdiction. Franck may re-file these claims in state court. Pursuant to 28 U.S.C. § 1367(d), any applicable statutes of limitations on Franck's state law claims were tolled while this action was pending, and for an additional 30 days after this order of dismissal. Therefore, if Franck wishes the bring the state claims, he must re-file those claims in state court within 30 days of this order, unless state law provides for a longer time

DATED: October 24, 2019

_____
B. Lynn Winmill
U.S. District Court Judge